No. 73–5046. STOKES *v.* BRUCE ET AL. Appeal from C. A. 6th Cir. dismissed for want of jurisdiction. Treating the papers whereon the appeal was taken as a petition for writ of certiorari, certiorari denied.

MR. JUSTICE DOUGLAS, with whom THE CHIEF JUSTICE concurs, dissenting.

Petitioner,[1] a 50-year-old inmate in the Kentucky prison system, brought a *pro se* action for damages under 42 U. S. C. § 1983, alleging that prison officials had violated his civil rights. Petitioner alleged that on two separate occasions, Kentucky prison officials notified him of a transfer from one institution to another at 2:30 or 3 p. m., and that he was moved later on the same day. On the occasion of the first of these transfers on short notice (apparently on October 8, 1970, from the Kentucky State Reformatory in LaGrange to the Kentucky State Penitentiary in Eddyville), officers allegedly refused to give petitioner time to recover two books on auto mechanics which he had been compiling for two years. On the occasion of the second of these transfers (apparently on August 14, 1972, back to the reformatory), prison officials did not allow petitioner to recover a book in which he had alphabetized legal cases, laboring on weekends for a year.[2]

---

[1] Since there is no jurisdiction for an appeal, this action should be treated as a petition for certiorari. 28 U. S. C. § 2103.

[2] Apparently also on the occasion of the second transfer, petitioner was required by prison regulations to mail his personal belongings to somebody on the outside, who could then mail the items back to him after his transfer to the new institution. Coupled with a prison regulation which permits inmates to receive books only from publishing houses, this served to work a particular hardship on petitioner. He was forced to mail a book, which he had pur-

Petitioner contends that the First Amendment gives him the right "to read and write. To think and to put it on paper." He argues, also, that the action of the prison officials violated the Fourth, Fifth, and Eighth Amendments, which are applicable to the States through the Fourteenth Amendment.

The District Court dismissed petitioner's action and deemed any appeal "frivolous" on the ground that alleged loss of property could not establish jurisdiction under the Civil Rights Act. We put such reasoning to rest in *Lynch* v. *Household Finance Corp.*, 405 U. S. 538. The Court of Appeals for the Sixth Circuit affirmed, on the ground that "the petitioner-appellant voluntarily relinquished possession of the personal property in question."

The assertion that petitioner voluntarily abandoned books on which he had labored for two years not only defies belief, but it is also unsupported by the record. The respondent prison officials do not contest petitioner's factual allegations, but rather state lamely that it is "clear from the facts" that petitioner voluntarily gave up his property. And even if he did not, respondents argue that:

> "The question presented is whether the administrative policies at the Kentucky State Penitentiary at Eddyville, Kentucky, and the administrative policies at the Kentucky State Reformatory at LaGrange in transferring him on short notice requiring him to abandon, give away, or mail home various personal items . . . are violative of his constitutional rights, or of the rights of inmates generally.
>
> "Allegations made by the appellant in this appeal as heretofore set out utterly fail to state a violation

chased from a publishing house while at the penitentiary, to a friend on the outside, but the friend was not able to mail it back to him at the reformatory.

of his civil rights. . . . [T]he transferring of appellant from one prison to the other, as well as the fact that in any such move certain procedures must be followed with regard to the transfer of properties, are proper regulatory functions prescribed and administered by the prison officials and not violative of any civil rights."

I cannot agree. This case may to some seem picayune. But basically it presents the substantial question of whether senseless, medieval practices of state officials can be "immunized" from the reach of the Civil Rights Act simply because they occur within the walls of prisons. See *Sostre* v. *McGinnis*, 442 F. 2d 178 (CA2 1971). I would grant certiorari.